IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDILBURG A.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 5058 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Edilburg A.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On January 10, 2019, Plaintiff filed a claim for DIB, alleging disability since January 9, 2018. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on December 22, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 27, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 9, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease; obesity; depression; anxiety; schizoaffective disorder; and

somatic disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can frequently climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance and stoop; can frequently crawl; can have no exposure to moving mechanical parts or unprotected heights; and is limited to simple, routine tasks. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a banquet captain or banquet server. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's RFC assessment fails to accommodate Plaintiff's deficits in concentration, persistence, or maintain pace, as well as his ability to engage in social interactions; and (2) the ALJ failed to consider all of the available evidence in reaching her conclusions. Each argument will be addressed below in turn.

#### A. <u>Plaintiff's Mental Limitations</u>

For his first argument, Plaintiff contends that the ALJ "fail[ed] to properly accommodate" Plaintiff's "moderate limitation in concentration, persistence, or pace and mild limitation in interacting with others." (Pl.'s Memo. at 7.) Pertinent to the first part of that assertion, as stated above, the ALJ limited Plaintiff to "simple, routine tasks" to account for his moderate limitation with concentration. (R. 21.)

6

Plaintiff maintains that the ALJ impermissibly "rel[ied] upon catch-all terms like 'simple, repetitive tasks' without explaining how such restrictions account for [Plaintiff's] mental deficits." (Pl.'s Memo. at 8.) The Court disagrees. An ALJ's use of catchall phrases (such as "simple, routine tasks") in an RFC, without more, does not necessitate remand. *See Recha v. Saul*, 843 F.App'x 1, 4 (7th Cir. 2021) (noting that the use of boilerplate language, by itself, is not reversible error). Furthermore, crucially, Plaintiff has not articulated what sort of verbiage the ALJ should have used with respect to his asserted limitations with concentration. *See Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("Although [the claimant] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC. The law required no more."). Accordingly, Plaintiff's challenge regarding concentration, persistence, and pace must fail. *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none.").

Plaintiff also argues that the ALJ neglected to account for Plaintiff's mild limitation in interacting wither others. In finding that Plaintiff did not have more than a mild limitation in that functional area, the ALJ explained that "claimant alleged only physical impairments" when filing for disability and "[i]n Function Reports, no limitations in getting along with others was alleged." (R. 21.) The ALJ also explained that the record did "not show any noteworthy cognitive, social, or adaptive limitations." (*Id.* at 24.) The ALJ further noted State agency psychologist

Russell Taylor, Ph.D.'s opinion that Plaintiff had "no difficulties in interacting with others." (*Id.* at 25.) Though he complains about the ALJ's social interaction assessment, Plaintiff does not point to any specific limitations caused by his supposed difficulties in interacting with others. As such, the Court finds that Plaintiff has not met his burden of establishing that his mild limitation in social interaction required any additional accommodations in the RFC. *See Wentz v. Colvin*, No. 13 C 8903, 2015 WL 6859253, at *12 (N.D. Ill. Nov. 9, 2015) ("Plaintiff argues that the ALJ should have incorporated her mild mental limitations into the RFC. However, a mild, or even a moderate, limitation in an area of mental functioning does not prevent an individual from functioning satisfactorily. And Plaintiff has not identified any medical evidence that demonstrates how her mental impairment limits her ability to work.") (citation and internal quotations omitted); *Lisa G. Kijakazi*, No. 21-CV-3732, 2022 WL 4272782, at *3 (N.D. Ill. Sept. 15, 2022) ("Despite it being Plaintiff's burden to establish her mild mental limitations caused additional limitations, Plaintiff provides no examples of any medical evidence that supports her allegations, instead relying on her subjective complaints.").

Finally, Plaintiff argues that the ALJ "fail[ed] to properly consider the combined effects of Plaintiff's mental and physical impairments on his ability to function in a full-time work setting." (Pl.'s Memo. at 6.) The Court finds that Plaintiff's argument that the ALJ did not sufficiently consider his impairments together in combination must fail as it amounts to an impermissible request that the evidence be re-weighed. *See Cindy P. v. Kijakazi*, No. 20 C 6708, 2022 WL

8

2802328, at *4 (N.D. Ill. July 18, 2022) ("While Plaintiff argues that the ALJ did not sufficiently assess her impairments in combination, the Court agrees with Defendant that Plaintiff's contention in that regard amounts to an invitation for the Court to reweigh the evidence.").

### B. Consideration of Wife's Statements and "Off Work" Notes

In advancing his second argument, Plaintiff contends that the ALJ improperly "chose to reject out of hand any statements of opinion that did not come from a medical or mental health professional." (Pl.'s Memo. at 11.) In particular, Plaintiff asserts that the ALJ did not sufficiently consider the statements provided by his wife. However, in assessing Plaintiff's allegations, the ALJ specifically noted Function Reports completed by Plaintiff's wife in February 2019 and August 2019. (R. 22.) Further, the ALJ was correct in stating that she was not required to articulate how evidence from nonmedical sources was considered using the requirements in 20 C.F.R. § 404.1520c(a)-(c). *See* 20 C.F.R. § 404.1520c(d) ("We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section."). Plaintiff argues that "[h]ad the ALJ truly considered [his wife's] statements, her mental RFC assessment would have looked quite different." (Pl.'s Memo. at 11.) That assertion amounts to an impermissible request for a re-weighing of the evidence. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

Lastly, Plaintiff points to certain "Off Work" notes and argues that the ALJ improperly "rejected numerous notations in the treatment record that Plaintiff

9

needed to remain off work for extended periods." (Pl.'s Memo. at 12.) However, with respect to doctors' notes stating that a claimant is unable to work, the ALJ correctly "did not provide articulation about the evidence, as it is neither valuable nor persuasive." (R. 26.) As the ALJ recognized, she was not required to accept conclusions that Plaintiff was unable to work, as that is a question to be determined by the Commissioner. *See Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016) (claimant's ability to work is question reserved, by regulation, for the Commissioner); *Jill A.W. v. Kijakazi*, No. 20 C 3854, 2022 WL 225879, at *5 (N.D. Ill. Jan. 26, 2022) ("[T]he ALJ was not obligated to justify rejecting Drs. Puri's and Brander's statements that Jill was unable to perform part-time work beyond noting that it is a conclusion reserved to the Commissioner.").

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 14] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is granted.

**SO ORDERED.**        **ENTERED:**

**DATE:**    **December 15, 2022**      _____
                                                          **HON. MARIA VALDEZ**
                                                         **United States Magistrate Judge**